Dear Treasurer Kennedy:
The Department of Homeland Security, Federal Emergency Management Agency (FEMA) passed a rule to implement the Special Community Disaster Loan Program authorized in the Community Disaster Loan Act of 2005. The rule sets forth the procedures and requirements for the program which is designed to provide loans to local governments for essential services because of lost revenues due to a major disaster. The rule requires that the state co-sign the local government's promissory note or if the state declines to do so or cannot legally do so, the local government must pledge collateral security to cover the principle amount of the note.
You question if the state of Louisiana has authority to co-sign the promissory note of a local government. If so, you question who on behalf of the state could execute the note and is the loan net state tax supported debt under Louisiana law. In short, we do not believe that the state of Louisiana has authority to co-sign the promissory note of a local government.
The issue must be addressed in light of Article 7, Section 14
of the Louisiana Constitution. This article prohibits the state from donating, loaning or pledging public funds or anything of value when it is under no obligation to do so.[1] By co-signing a local government's loan, the state is donating its credit when it is under no obligation to do so. This is tantamount to a donation and is prohibited by the constitution.[2]
Because it is our opinion that the state is without authority to co-sign the loan, no one is authorized to execute the note on behalf of the state. Your question regarding whether or not the loan would be considered as net state tax supported debt is moot since it is our opinion that the state cannot co-sign the loan.
We trust that this responds to your request. Should you have additional questions or comments please feel free to contact our office.
With kindest regards,
Yours very truly,
CHARLES C. FOTI, JR. Attorney General
BY: _____________________ TINA VICARI GRANT Assistant Attorney General
[1] City of Port Allen v. Louisiana Municipal Risk Agency,439 So.2d 399 (La. 1983).
[2] Atty. Gen. Op. Nos. 03-0189 and 00-34.